and if counsel for Ms. McClendon will come forward I understand we we have a situation in which even though the argument has been scheduled and the court issued an order that shortened the argument time in light of the dismissal of the cross appeal we received an untimely motion to submit the case on the briefs which is denied we are here for argument we don't expect that counsel are going to submit motions like that at the last minute we don't expect that counsel who return acknowledgement of hearing notices will not show up at the argument under the rules when it's the appellant who doesn't show up the rule says that we may hear argument from the appellee since counsel for the court will exercise our discretion to hear argument and you may proceed thank you may please the court Michelle use that on behalf of the appellee Ashley Christina McClendon the district court's finding that appellant Peter Bresler reasonably should have known of her disability is plausible in light of the record at trial consistent with guidance from HUD and the Department of Justice and also mandated by the precedent of this court including the first appeal in this very case as this court recognized in the first appeal knowledge of a housing applicants disability can be both act actual or constructive this is that I guess I want to start right on that there's everyone citing unpublished decisions kind of back quite a ways and I traced it back about as far as it goes where we back to the published decisions and it ends with a citation of the statute be interested in hearing how you read the statute to create these notice requirements and then in unpublished out-of-circuit district court case so can you I'm not sure that this a that may well be the law but but what's the best source we should find for the constructive notice rule here that that's a good question because you're correct that all the cases that were cited to were unpublished cases that cited back to the statute I don't know that the statutes particularly clear on that I think that the way that the case law developed is based on the fact that the Fair Housing Act is a remedial statute that's supposed to be constructed broadly so they don't want a situation where a housing provider has constructive notice or should know if someone's disability for example if someone uses a wheelchair and the disability is obvious that they should be allowed to say in defense well I did not know that the person had a disability so I think that's how that snowballed into the case law that has been cited you know of any there's some guidance I understand that McLennan one-sided do you know of any regulation on the matter that would establish that under either of the statutes I don't off the top of my head of my head but I know that there's also guidance materials from HUD and from the Department of Justice about how to process accommodation requests and recently in 2020 about specifically how to process requests for assistance animals which comes into play here and I believe in those materials which are in the record on appeal they do say that you can if disability is obvious that there the obligation to accommodate will kick in regardless of whether an individual expressly states that they have a disability so going back to the evidence in this record we have the rental application that indicated that there was a support animal in the household there were also emails from the co-applicant Sarah Gailey that used terms like emotional support animal support and service animals are covered by federal Americans with Disabilities Act laws protecting reasonable accommodation requests and also it is illegal to discriminate against a prospective tenant on their need for a support or service animal and the conclusion one reasonable conclusion and that is that someone in the household and here it was McClendon required the assistance animal due to a disability related need and this finding is plausible and we do believe it should not be overturned. And a standard of review for that is clear? Clearly erroneous yes your honor and then Bressler's actions and testimony also provide further evidence that the district court relied on showing that the decision was plausible. Bressler responded to the rental application by writing that it was his policy not to accept dogs even if service animals or even if service dogs and the term service dog has a long commonly understood history that's exclusively linked to people with disabilities service dogs are exclusively for people with disabilities so that it kind of showed his understanding that he was the application was asking for something other than just a simple household pet and Bressler also testified at deposition that he used that phrase even if service dogs to specifically respond to the fact that the application included an emotional support animal and also testified that his use of that phrase was intended to convey that his policy applied even if a person needed an assistance animal due to a disabling condition such as blindness. What what do we do with the kind of the possible mistake of fact that it wasn't clear who the dog belonged to or who might have had the disability does that matter? Right it doesn't matter for a couple of reasons first because the Fair Housing Act and the district court did point this out in their opinion permits any aggrieved person who claims to have been and McClendon was such a person and that's in the supplemental record at page 46. Also requests for assistance animals don't have to come from the person with the disability it can be made by others residing in the unit with that person and that is reflected in HUD's F-H-E-O notice at page 8. It's also included in the supplemental record at page 121. It's also reflected in the joint statement of the Department of Justice and the Department of Housing and Urban Development supplemental record at 143. This case is very similar to the 2017 Ninth Circuit case of Oregon Bureau of Labor and Industries versus Chandler Apartments and I'll refer to that as Chandler Apartments. In that case the Ninth Circuit agreed that a housing provider reasonably should have known that Fair Housing testers were requesting disability accommodations based on statements such as I have a therapy animal and I have an assistance dog and this is comparable to the rental application and the multiple emails that were received by Mr. Bressler from Ms. Gailey. Additionally in Chandler Apartments similar to Mr. Bressler here there was provided declaration testimony making it clear that the housing provider understood that the request was for an assistance dog and not just for a therapy animal. So it is instructive in determining this. And indeed the statement here is stronger from from from Gailey because there's the statement that this is a support animal and it's illegal to discriminate. Right and she also used the term the ADA which I know Mr. Bressler takes offense out but again there's no requirement and there's case law in the Ninth Circuit on this as well or at least in our Central District that you don't have to use magic words like the Fair Housing Act or reasonable accommodation but here Gailey did actually use the term reasonable accommodation and reference the ADA. Can you address the damages issue? I understand he didn't object to damages below but would that something that could be reviewed for plain error? It I believe this this yes I believe the standard is clearly erroneous for the damages as well. It actually might be higher it might be plain error you know object to the amount of damages due to the co-applicant below. Understood your honor. Yes and we believe that there is ample precedent in the Ninth Circuit for finding that that argument is waived. Mr. Bressler didn't raise any argument or evidence having to do with damages at all in fact he didn't do so on the summary judgment motion in this case either so there was never any indication that there was any dispute with regard to the amount of damages and in fact at trial our joint statement on disputed and undisputed facts he didn't put forth any dispute it was kind of uncontroverted testimony from both Ms. McClendon from Ms. Gailey about the difference in the rent the difference in the security deposit and also the cost of appliances that would have otherwise been provided at Mr. Bressler's rental unit. Unless there are any other questions. All right thank you counsel. Appreciate your time and apologies for that late motion. All right and appreciate your showing up. Thank you. All right thank you the case of McClendon versus Bressler is submitted for decision and with that our calendar for this morning is complete. Hear ye, hear ye. All persons having had business with the Honorable the United States Court of Appeals for the Ninth Circuit will now depart for this court for this session. Now stands adjourned.
judges: COLLINS, THOMAS, JOHNSTONE